IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WARNER T. WILLIAMS,  Plaintiff | : : : | |
| v. | : : | CIVIL NO. AMD 07-442 |
| WILLIAM DEBEAU,  Defendant | : : | |

...o0o...

MEMORANDUM OPINION

Plaintiff Warner T. Williams, acting pro se, has purported to assert a claim of constitutional import (and a claim for mandamus relief) against an employee of the Internal Revenue Service. He contends that the employee improperly denied him a face-to-face collections due process hearing ("CDPH") in respect to income tax years 1993, 1995, and 1996. An attorney in the United States Department of Justice has appeared on defendant's behalf and has filed a motion to dismiss on myriad grounds, including lack of subject matter jurisdiction. Indeed, despite plaintiff's attempt to plead around statutory requirements, e.g., by couching his complaint as a request for mandamus, it is clear that exclusive jurisdiction over the claims asserted here lies in the United States Tax Court. *See, e.g., Redeker-Barry v. United States*, 476 F.3rd 1189 (11th Cir. 2007).* Accordingly, the motion to dismiss shall

---

*The *Redeker-Barry* court explained as follows:
  Here, [plaintiff] timely requested the CDPH after receiving notice of the lien. But after the IRS denied the hearing, [plaintiff] did not appeal to the Tax Court. Instead, she filed her petition in the district court. Because the Tax Court had exclusive jurisdiction over the petition, as [plaintiff] challenged the procedures in connection with the underlying tax liability, the court properly dismissed the petition for lack of subject-matter jurisdiction.
  There is no merit to [plaintiff's] claim that the constitutional issues vest
(continued...)

be granted. An order follows.

Filed: June 12, 2007                                            /s/
                                                    ANDRE M. DAVIS
                                                    UNITED STATES DISTRICT JUDGE

---

   *(...continued)
jurisdiction in this court. We are persuaded by the reasoning of the other circuits
that have addressed this claim and concluded that an alleged due process violation
does not confer subject-matter jurisdiction on the district court if the underlying
claim involves income tax issues. *Voelker v. Nolen,* 365 F.3d 580, 581 (7th
Cir.2004) (holding that the district court lacked subject matter jurisdiction over
appellant's due process challenge relating to his CDPH because the Tax Court has
jurisdiction over cases involving income taxes); *Marino v. Brown,* 357 F.3d 143,
146 (1st Cir.2004) (holding that the Tax Court had exclusive jurisdiction over tax
protester's challenge to notice of determination upholding lien based on her
income tax liability); *Martin v. C.I.R.,* 756 F.2d 38, 40 (6th Cir.1985) (holding
that although appellant asserted constitutional violations, the claim was one for
determination of his income tax liability, which is properly within the jurisdiction
of the Tax Court).
476 F.3rd at 1190-91.